## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **Victoria Radaviciute,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-C-8090 |
| | ) | |
| **Christian Audigier, Inc., Audigier** | ) | Hon. Nan R. Nolan |
| **Media, Inc., Audigier Brand** | ) | |
| **Management Group, LLC** and | ) | |
| **Nervous Tattoo, Inc.** | ) | |
| | ) | |
| Defendants. | ) | |

### THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS

Defendants, Christian Audigier, Inc., Audigier Media, Inc., Audigier Brand Management Group, LLC and Nervous Tattoo, Inc. ("Defendants"),[1] and Plaintiff, Victoria Radaviciute ("Plaintiff" or "Class Representative"), on behalf of herself and the proposed Class Members, by and through their respective counsel, respectfully request that this Court enter an order granting preliminary approval of the proposed class action Settlement Agreement ("Agreement") attached hereto as <u>Exhibit 1</u>, approving the forms of the Class Notice attached thereto as Exhibits and setting dates for exclusions, objections, and a hearing for final approval.

In support of this motion, the Parties state as follows:

1.     Plaintiff filed this action against the Defendants, alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that the Defendants violated 15 U.S.C. §1681c(g) when Plaintiff received from the Defendants an electronically printed point-of-sale receipt at an

---

[1] Additional entities not named in the lawsuit that actually operate the Ed Hardy and Christian Audigier retail stores and website are also parties to the Settlement Agreement.

Ed Hardy store location, which displayed the expiration date of her credit card. Defendants filed an answer denying any liability.

2.      After engaging in discovery related to the purported class size, average daily sales, the financial status of Defendants, and other issues, and participating in arm's length discussions, including a settlement conference before the Honorable Judge Nan Nolan, the parties reached an agreement to settle Plaintiff's claims, and those of the Class as set forth in the Agreement. (Exhibit 1).

3.      Counsel for Plaintiff and Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the possibility of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and Defendants executed the Agreement.

4.      Pursuant to the Agreement:

a.      Class Certification. The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

> All persons who received an electronically printed receipt from any Ed Hardy or Christian Audigier store in the United States at the point of sale or transaction or via any internet purchase occurring after June 3, 2008, which receipt displays the person's credit card or debit card expiration date.[2]

b.      Notice of Class Settlement. Defendants shall, within 14 days after entry of the Preliminary Approval Order, cause actual notice in the form of Exhibit B to the Agreement to be published for two consecutive days in *USA Today*. Notice, in the form of Exhibit C to the Agreement will also be published on a website maintained by Class Counsel. Additionally,

---

[2] A listing of stores and the websites is attached to the Agreement as Exhibit A.

notice of each "Customer Appreciation Day" will be published regularly on the Ed Hardy and Christian Audigier websites and at the Ed Hardy and Christian Audigier retail stores. All costs associated with the publication of notice of this settlement shall be paid by Defendants.

        c.    <u>Class Members' Right to Opt-Out and Object</u>.  Any person who falls within the Class definition may elect to "opt-out" of the Settlement, and thus exclude themselves from the Lawsuit and the Class. Any person who wishes to exercise this option must do so in writing by mail postmarked on or before the notice response deadline to Class Counsel at the address provided on the Class Notice. The person's election to opt-out must be signed by the Class member opting-out and must contain the following information: (1) the name of the Class member, (2) the current address of the Class member, (3) the date signed, and (4) a copy of the customer's receipt. No Class member may opt-out through an actual or purported agent or attorney acting on behalf of the Class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Otherwise, those persons will be deemed to have forever waived their right to opt-out of the Class. Any person who falls within the Class definition and properly opts-out shall have no further role in the Lawsuit, shall not be bound by the release set forth in the Agreement, and shall not be entitled to any benefit from this settlement. After the notice response deadline, Class Counsel will promptly provide counsel for Defendants with a list of all persons submitting timely notice of their intent to opt-out of the Class. Any Class member who timely excludes him/herself from this settlement shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

        Class members may also object to the Agreement by filing written objections with the Court, and serving those objections on Class Counsel and counsel for Defendants no later than

the notice response deadline. The Class Notice shall advise Class members of this option. Any objections must be in writing and timely submitted or else they are waived. Class Counsel and counsel for Defendants shall provide any such objections to the Court prior to the fairness hearing. The notice of objection must include the following information with the objection: (1) a statement of the desire to be heard at the fairness hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the fairness hearing, including a copy of the receipt giving rise to the objector's claims.

        d.     <u>Class Recovery</u>.   For the benefit of the Class members, Defendants shall hold 24 (twenty-four) "Customer Appreciation Days" on 24 (twenty-four) separate dates over the course of 12 (twelve) weeks, with two such "Customer Appreciation Days" taking place each week for the 12 (twelve) week period. The first such "Customer Appreciation Day" will take place within 30 (thirty) days after the Effective Date of this Agreement with Notice to begin prior thereto as set forth below. On each such Customer Appreciation Day, any customer of any Ed Hardy or Christian Audiger store, as well as any person making a purchase through the Ed Hardy and/or Christian Audiger website, is to receive a 25% (twenty-five percent) discount from his or her total purchase. This discount cannot be applied to any item already on sale and the maximum discount per transaction  and per day is $100 (One hundred Dollars). All persons, regardless of whether or not they are members of the Class, shall be entitled to receive the automatic discount on any or all of these "Customer Appreciate Days."

        e.     <u>Recovery to Plaintiff</u>.  Defendants shall pay $5,000 to Plaintiff for her service as Class Representative, subject to Court approval.

f.      <u>Attorney's Fees and Costs</u>.  Defendants shall pay attorney's fees and costs in the amount of $270,000 to Class Counsel, subject to Court approval.

g.      <u>Costs of Administration</u>.  All costs associated with the publishing and posting of notice and advertising of the Sale Events pursuant to Paragraph 10 of the Agreement shall be paid by Defendants.

5.      The Parties believe that the relief provided for under the Agreement is fair and reasonable especially in light of the size of the benefit to the Class members, the form of the relief provide and the reservation of rights issued by the Defendants' insurer with respect to insurance coverage.

6.      The Parties request that the Court set the following schedule for the proposed Settlement Agreement:

a.      Within 10 days after filing this motion, Defendants shall serve upon the appropriate State official of each State in which a class member resides, the appropriate Federal official, and class counsel, the notice required under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b).

b.      Within 14 days after entry of the Preliminary Approval Order, the Defendants shall cause actual notice in the form attached to the Agreement as <u>Exhibit B</u> to be published for two consecutive days in *USA Today.*

c.      Within forty-five (45) days after the deadline for publication set forth in sub-paragraph (b) above, each Class Member wishing to do so shall opt out or object to this settlement, or file an appearance in this Lawsuit.

     d.     Approximately seven (7) days prior to the final approval hearing any Party wishing to do so shall submit memoranda in support of Final Approval of the Settlement and Defendants shall file a certification of compliance with the notice requirements of the CAFA.

     e.     Approximately 90 days following the deadline for sending out the CAFA notice set forth in sub-paragraph (a) above, this Court shall conduct a fairness hearing with respect to the Settlement Agreement attached hereto.

     7.     A proposed Preliminary Approval Order is attached as <u>Exhibit D</u> to the Agreement.

     8.     In support of their motion, the parties submit their Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement, filed contemporaneously herewith.

     WHEREFORE, Plaintiff and Defendants respectfully requests that the Court enter the proposed Preliminary Approval Order in the same or substantially similar form as that attached as <u>Exhibit D</u> to the Settlement Agreement, granting preliminary approval to the parties' Agreement.

     Respectfully submitted,

     O'Hagan Spencer LLC

     By:   <u>s/ James W. Davidson</u>
           Attorney for Defendants

Kevin M. O'Hagan (ARDC No. 6211446)
James W. Davidson (ARDC No. 6281542)
O'Hagan Spencer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60602
PH:   312-422-6100

FX:    312-422-6110
kohagan@ohaganspencer.com
jdavidson@ohaganspencer.com

                              Victoria Radaviciute,


                              By:    s/ Thomas A. Zimmerman, Jr.
                                     Attorney for Plaintiff

Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system this _11th_ day of July, 2011. Parties may access this filing through the Court's CM/ECF System.

> Adam M. Tamburelli
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices PC
> 77 W. Washington, Ste. 1220
> Chicago, IL 60602
> adam@attorneyzim.com
> tom@attorneyzim.com

> _____ s/ James W. Davidson _____
> Attorney for Defendants

Kevin M. O'Hagan (ARDC No. 6211446)
James W. Davidson (ARDC No. 6281542)
O'Hagan Spencer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60602
PH:    312-422-6100
FX:    312-422-6110
kohagan@ohaganspencer.com
jdavidson@ohaganspencer.com

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **Victoria Radaviciute,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-C-8090 |
| | ) | |
| **Christian Audigier, Inc., Audigier** | ) | Hon. Nan R. Nolan |
| **Media, Inc., Audigier Brand** | ) | |
| **Management Group, LLC** and | ) | |
| **Nervous Tattoo, Inc.** | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS SETTLEMENT AGREEMENT

## RECITALS

1.  **Parties**. This Class Settlement Agreement ("Agreement") is entered into between **VICTORIA RADAVICIUTE** ("Plaintiff" or "Class Representative"), on behalf of herself and each of the Class Members as defined herein, on one hand, and **CHRISTIAN AUDIGIER, INC., AUDIGIER MEDIA, INC., AUDIGIER BRAND MANAGEMENT GROUP, LLC, NERVOUS TATTOO, INC., BACK STAGE WEB, INC., SHOP ON STAGE, INC., AND SHOP ON STAGE AZ, INC.** ("Defendants") on the other.[1] The Parties to this Agreement are collectively referenced as "the Parties."

2.  **Nature of the Litigation**. Plaintiff filed the above captioned action on behalf of herself and the Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), alleging willful violations of the Fair and Accurate Credit

---

[1] Back Stage Web Inc., Shop on Stage, Inc. and Shop on Stage, AZ, Inc., were not named as Parties in the Lawsuit. However, during settlement negotiations, the Defendants indicated that these entities actually operate the Ed Hardy and Christian Audigier Stores and/or the commercial websites. Accordingly, these entities are made part of this Agreement are considered "Defendants" and "Released Parties" for purposes of this Agreement and the Litigation.

EXHIBIT
1

Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that the Defendants violated 15 U.S.C. §1681c(g) when Plaintiff received from an Ed Hardy store a computer-generated cash register receipt which displayed the expiration date of her credit card. Plaintiff seeks to recover for herself and for each Class Member statutory damages for willful noncompliance with the FCRA. Defendants deny that any of them violated the FCRA, willfully or otherwise, and denies that the Class Members are entitled to any damages.

3. **Certification of Class**. The Parties stipulate to the certification of a class (the "Class") for settlement purposes, defined as:

> All persons who received an electronically printed receipt from any Ed Hardy or Christian Audigier store in the United States at the point of sale or transaction or via any Internet purchase from an Ed Hardy or Christian Audigier website occurring after June 3, 2008, which receipt displays the person's credit card or debit card expiration date.[2]

4. **Class Counsel**. In this Agreement, "Class Counsel" shall refer to Zimmerman Law Offices, P.C.

5. **Compromise of Disputed Claims**. Defendants deny any liability to Plaintiff and the Class for the claims alleged, but considers it desirable that the Lawsuit and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiff or the Class Members against Defendants. The Plaintiff, on behalf of herself and the Class Members, desires to settle her claims and the Class Members' claims against Defendants, having taken into account through Class Counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the litigation will be further

---

[2] A listing of stores and the websites is attached hereto as <u>Exhibit A</u>.

protracted and expensive. In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the Class, and Defendants stipulate and agree that the claims of the named Plaintiff and the Class against Defendants in the Lawsuit should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## TERMS

6. **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of 5 (five) days after the date upon which the Court's final order, judgment, or decree approving this Agreement as fair, reasonable and adequate to the Class is entered.

7. **Relief to Plaintiff and the Class**.

(a) Within 30 days after the Effective Date of this Agreement, Defendant shall pay to Plaintiff, Victoria Radaviciute, the lump sum of $5,000, for her services as Class Representative, subject to Court approval. Defendants agree not to oppose Plaintiff's request for approval of $5,000 as her recovery.

(b) For the benefit of the Class Members, Defendants shall hold 24 (twenty-four) "Customer Appreciation Days" on 24 (twenty-four) separate dates over the course of 12 (twelve) weeks, with two "Customer Appreciation Days" taking place each week over the 12 (twelve) week period. The first such Customer Appreciation Day will take place within 30 (thirty) days after the Effective Date of this Agreement with Notice to begin prior thereto as set forth below. On each such Customer Appreciation Day, any person making a purchase or transaction at or from any Ed Hardy or Christian Audigier store in the United States, or via the Ed Hardy or Christian Audigier websites for internet sales, (stores and websites are listed in

Exhibit A), shall receive an automatic 25% (twenty-five percent) discount from his or her total pre-tax purchase price. This discount cannot be applied to any item already on sale and the maximum discount per transaction and per day is $100 (One hundred Dollars). All persons, regardless of whether or not they are members of the Class, shall be entitled to receive the automatic discount on any or all of these Customer Appreciate Days.

8.     **Attorney's Fees and Costs**. Within 30 (thirty) days after the Effective Date of this Agreement, Defendants shall pay attorney's fees and costs in the lump sum of $270,000 to Class Counsel, subject to Court approval. Defendants agree not to oppose a request by Class Counsel for approval of attorney's fees and costs in an amount not to exceed $270,000. Class Counsel's attorney's lien shall be automatically released upon receipt of said funds.

9.     **Notice of Class Settlement**. Defendants shall, within 14 (fourteen) days after the entry of the Preliminary Approval Order, cause Notice in the form of Exhibit B, to be published for 2 (two) consecutive days in *USA TODAY*. Notice, in the form of Exhibit C, will also be published on a website maintained by Class Counsel. All costs associated with the publication of the Notices shall be paid by Defendants.

10.     **Notice of Customer Appreciation Days**. Further, one week prior to the first Customer Appreciation Day and continuing through the date of the last Customer Appreciation Day, the Defendants shall cause an advertisement displaying the date and terms of the upcoming Customer Appreciation Days to be published on the Ed Hardy and Christian Audigier websites. Further, each Customer Appreciation Day will be advertised on the day of the Customer Appreciation Day at each Ed Hardy and Christian Audigier store location from open until close.

11.     **Exclusions From and Objections to Settlement**.

(a)     Any person who falls within the Class definition may elect to "opt out" of the Settlement and thus exclude themselves from the Lawsuit and the Class. Any person who wishes to exercise this option must do so in writing by mail, postmarked on or before the Notice Response deadline (i.e., 45 days after Notice (Exhibit B) is published), to Class Counsel at the address provided on the Class Notice. The person's election to opt out must be signed by the Class member opting out and must contain the following information: (1) the name of the Class Member, (2) the current address of the Class Member, (3) the date signed, and (4) a copy of the customer receipt. No Class Member may opt out through an actual or purported agent or attorney acting on behalf of the Class Member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Otherwise, those persons will be deemed to have forever waived their right to opt out of the Class. Any person who falls within the Class definition and properly opts out shall have no further role in the Lawsuit, shall not be bound by the release set forth in this Agreement, and shall not be entitled to any benefit from this Settlement. After the Notice Response deadline, Class Counsel will promptly provide counsel for Defendants with a list of all persons submitting timely notice of their intent to opt out of the Class. Any Class Member who timely excludes himself/herself from this settlement, shall not be bound by any prior court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

(b)     Any Class Member who has not filed a timely, valid and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement, or to any award of attorney's fees and expenses, must file the objection with the Court and serve a copy of said objection upon Class Counsel and counsel for Defendants within

45 days after Notice (Exhibit B) is published. The Class Notice shall advise Class Members of this option. Any objections must be in writing and timely submitted or else they are waived. Class Counsel and counsel for Defendants shall provide any such objections to the court prior to the fairness hearing. The notice of objection must include the following information with the objection: (1) a statement of the desire to be heard at the fairness hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the fairness hearing, including a copy of the receipt giving rise to the objector's claims.

12. **Release**. Plaintiff and each Class Member who do not timely exclude themselves from this Settlement will release and forever discharge Defendants, and their past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of an from all causes of action, suits, or claims, that were made or which could have been made by individuals comprising the Class or by Plaintiff on behalf of the above-defined Class in the Lawsuit, for violations of the Fair and Accurate Credit Transactions Act amendment to the Fair Credit Reporting Act as of the Effective Date of the Agreement. This Release is conditioned upon the approval of the Agreement by the Court and Defendants meeting their obligations therein.

13. **Cooperation**. Plaintiff, Defendants and their respective attorneys and agents agree to cooperate fully with one another and to use their best efforts to effect the consummation of this Agreement, and the Settlement, under the terms specified in this Agreement.

14.   **Preliminary Approval**.   As soon as practicable, after execution of this Agreement, the Parties shall make application to the Court for an order which:

a.    Preliminarily approves this Agreement.

b.    Schedules dates for objections, exclusions, and a hearing for final approval of this Agreement by the Court.

c.    Approves the forms of Notice to the Class.

d.    Finds that methods of Class Notice specified in Paragraphs 9 and 10 are the only forms of Notice required and that such Notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The Parties agree to propose the form of preliminary approval order attached hereto as Exhibit D.

15.   **Final Approval**.  Approximately 7 days prior to the final approval hearing, Class Counsel and counsel for Defendants shall file a motion requesting that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, dismissing the Lawsuit without prejudice and without costs (except as otherwise provided herein), and retaining jurisdiction to enforce the provisions of this Agreement.   The Final Order will also direct Defendants to file a certification with the Court within 14 days after the last Customer Appreciation Day, showing that the requisite Notice and benefit to the Class, as provided in Paragraphs 7(b) and 10, has been provided.  Within 14 days after the filing of this certification, Defendants shall request the Court to enter an order dismissing the Lawsuit with prejudice.  The Parties agree to submit a proposed Final Order with their motion for final approval.

16.    **Notice of Exclusions and Objections**.  Requests for exclusion and notice of objections to this Agreement shall be sent to:

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices PC
77 W. Washington, Ste. 1220
Chicago, IL 60602


And notices to the Defendants shall be sent to:

Kevin M. O'Hagan
James W. Davidson
O'Hagan Spencer LLC
One E. Wacker Drive, Suite 3400
Chicago, IL 60602

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

17.    **Class Action Fairness Act**.  In compliance with the Class Action Fairness Act, Defendants shall provide notice to appropriate federal and state officials under the Act.  Said notice is to be sent by Defendants no more than ten days after the motion for Preliminary Approval is filed with the Court.  The Notice must comply with 28 U.S.C. §1715 and contain all necessary attachments referenced therein.

18.    **Termination of the Agreement**.  If the Court does not approve this Settlement and the terms of this Agreement as set forth herein, or if the Settlement and Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Agreement as if this Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to have

preserved all their substantive or procedural rights or defenses with respect to the Lawsuit as of the date of execution of this Agreement.

19.    **Miscellaneous**.

(a)    This is an integrated Agreement that supersedes all prior representations and agreements, if any, between the Parties to this Agreement and their legal counsel. The Parties represent that they have not relied on any statements, oral or written, in making their decisions to enter into this Agreement. This Agreement may not be altered, amended or extinguished except by a writing that expressly refers to this Agreement and is signed subsequent to the execution of this Agreement by the Parties.

(b)    The Parties agree that any rule of interpretation to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement. The Parties acknowledge that they are all represented by counsel and had input into the drafting of this Agreement.

(c)    This Agreement shall be governed and interpreted by the law of the State of Illinois without regard to its choice of law rules.

(d)    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement.

(e)    The Parties further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

      (f)    This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

      (g)    Each of the individuals executing this Agreement warrants that he or she has authority to enter into the Agreement and legally bind the party for which he or she is signing.

      IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed on _____, 2011.

**[Signature Pages to Follow]**

**For Plaintiff and the Class Members:**


_Victoria Radaviciute_   7-8-11
Victoria Radaviciute         Date


**For Class Counsel with respect to release of attorneys' lien:**


_____   7-8-11
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 W. Washington Street
Suite 1220
Chicago, IL 60602


**[Defendants' Signature Pages to Follow]**

**For Christian Audigier, Inc., Audigier
Media, Inc., Audigier Brand Management
Group, LLC, Nervous Tattoo, Inc., Shop on
Stage, Inc., Shop on Stage AZ, Inc. and
Backstage Web, Inc.:**

_____ 7/11/11
                                 Date

Hubert Guez

CEO
_____
Title




**Approved as to Form:**

James W. Davidson                7-11-11
O'Hagan Spencer LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601

**Arizona**
Scottsdale Fashion Square
7014-590 East Camelback
Road. Space 1453
Scottsdale, AZ 85251

**California**
7829 Melrose Avenue.
Los Angeles, Ca 90046

8335 Melrose Avenue.
Los Angeles, Ca 90046

8500 Beverly Blvd. #675
Los Angeles, CA 90048

8680 Hayden Place
Culver City, CA 90232

100 Citadel Dr #537
Commerce, CA 90040

2855 Stevens Creek Blvd
Space 1051
Santa Clara, CA 95050

Americana at Brand
728 Americana Way
Glendale, CA 91210

690 E. Ventura Blvd. #130
Camarillo, CA 93010

395 Santa Monica Place #122
Santa Monica, CA 90401

60 Grant Avenue
San Francisco, CA 94108

Las Americas Premium
Outlet
4211 Camino De La Plaza
Suite 200
San Diego, CA 92173

Desert Hills Premium Outlet
48400 Seminole Drive #430
Cabazon, CA 92230

**Florida**

The Mall of Millenia
4200 Conroy Road. Space
M233
Orlando, FL 32839

Prime Outlets
4959 International Dr. Suite
1F18
Orlando FL 32819

International Plaza
2223 N. West Shore Blvd
Space 227
Tampa, FL 33607

12801 W Sunrise Blvd #1045
Sunrise, FL 33323

442 Lincoln Road
Miami Beach, FL 33139

**Georgia**

Lenox Square
3393 Peachtree Rd. Suite
2032
Atlanta, GA 30326

800 HIGHWAY 400 SOUTH
Ste 380
Dawsonville, GA 30534

**Nevada**

Premium Outlets
755 Grand Central Way Pwy.
#1471
Las Vegas, NV 89106

Fashion Show Mall
3200 Las Vegas Blvd. #1155
Las Vegas, NV 89109

The Forum Shops at Caesars
3500 Las Vegas Blvd. South
Las Vegas, NV 89109

**Maryland**
Towson Town Center
825 Dulaney Valley Road.
Space 2110
Towson, MD 21204

**Massachusetts**

328 Newbury Street
Boston, MA 02115
Phone: (617) 236-1633

1 Premium Outlet Blvd #690
Wrentham, MA 02093

**Minnesota**

Mall of America
60 East Broadway. Space
S108
Bloomington, MN 55425

**New Jersey**

Westfield Garden State Plaza
1 Garden State Plaza. Space
2134
Paramus, NJ 07652

Jersey Shore Premium Outlet
One Premium Outlets Blvd.
Space 773
Tinton Falls, NJ 07753

**New York**
Roosevelt Field
630 Old Country Road. Suite
2097
Garden City, NY 11530

328 Red Apple Court
Central Valley, NY 10917

Tanger Factory Outlets
1770 West Main Street.
Space #914
Riverhead, NY 11901

**NOTE:** Store locations may
close or change at any time.

49 Mercer Street
New York, NY 10012

425 West 13th Street
New York, NY 10014

286 Lafayette
New York, NY 10012

**Texas**
NorthPark Center
8687 N. Central Expressway
#2248
Dallas, TX 75225

Galleria Mall
5085 Westheimer Rd. Suite
B3587
Houston, TX 77056

Prime Outlets
3939 I-35 South Space 230
San Marcos, TX 78666

29300 Hempstead Rd #1107
Cypress, TX 77429

5001 E Expy 83 #943
Mercedes, TX 78570

**Virginia**
Tysons Center
1961 Chain Bridge Road.
Space K1AL
McLean, VA 22102
Phone: (703) 442-4803

**WEBSITES**
http://edhardyshop.com/
http://christianaudigier.com/
http://shopcrystalrock.com/
http://pacochicano.com/
http://thesameguy.net

**NOTE:** The website for Ed
Hardy is in the process of
being separated from the
remaining website. The
remaining websites will be
consolidated. However, if the
consolidation occurs soon, a
consumer will be redirected
by using the current
addresses.

# EXHBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Victoria Radaviciute,<br><br>           Plaintiff,<br><br>v.<br><br>Christian Audigier, Inc., Audigier<br>Media, Inc., Audigier Brand<br>Management Group, LLC and<br>Nervous Tattoo, Inc.<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Case No. 10-cv-8090<br><br>     Hon. Nan R. Nolan |

## NOTICE OF CERTIFIED
## CLASS ACTION SETTLEMENT

**To:** All persons who received an electronically printed receipt from any Ed Hardy or Christian Audigier store in the United States at the point of sale or transaction or via any internet purchase from an Ed Hardy or Christian Audigier website occurring after June 3, 2008, which receipt displays the person's credit card or debit card expiration date -- **YOU ARE ELIGIBLE TO RECEIVE A 25% DISCOUNT OFF YOUR TOTAL PRE-TAX PURCHASE PRICE FROM ANY ED HARDY OR CHRISTIAN AUDIGIER STORE AND/OR THROUGH THE ED HARDY AND CHRISTIAN AUDIGIER WEBSITES ON "CUSTOMER APPRECIATION DAYS," WHICH WILL BE HELD ON 24 (TWENTY-FOUR) SEPARATE DATES OVER THE COURSE OF 12 (TWELVE) WEEKS, WITH TWO "CUSTOMER APPRECIATION DAYS" TAKING PLACE EACH WEEK OVER THE 12 (TWELVE) WEEK PERIOD. THIS DISCOUNT CANNOT BE APPLIED TO ANY ITEM ALREADY ON SALE AND THE MAXIMUM DISCOUNT PER TRANSACTION AND PER DAY IS $100 (ONE HUNDRED DOLLARS). ALL PERSONS, REGARDLESS OF WHETHER OR NOT THEY ARE MEMBERS OF THE CLASS, SHALL BE ENTITLED TO RECEIVE THE AUTOMATIC DISCOUNT ON THESE CUSTOMER APPRECIATION DAYS,** as fully set forth below.

Your rights may be affected by a lawsuit pending in the United States District Court for the Northern District of Illinois (the "Court"). Victoria Radaviciute ("Plaintiff"), on behalf of all members of the class, has alleged that Christian Audigier, Inc., Audigier Media, Inc., Audigier Brand Management Group LLC and Nervous Tattoo, Inc ("Defendants") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Plaintiff claims that Defendants printed the expiration dates of its customers' credit or debit cards on customer receipts presented to them at Ed Hardy and Christian Audigier stores in violation of FACTA, as specifically set forth in the Complaint on file and available at the

Page 1 of 4



Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. NEITHER PLAINTIFF NOR ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION. HOWEVER, THE SETTLING PARTIES AGREE THAT FACTA PROHIBITS THE DISPLAY OF CREDIT OR DEBIT CARD EXPIRATION DATES ON CREDIT AND DEBIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

Under the terms of the settlement, class members and any other member of the public making a purchase transaction at or from any Ed Hardy and Christian Audigier store location or Ed Hardy or Christian Audigier websites shall receive an automatic discount of twenty-five percent (25%) off the total pre-tax purchase price during any or all of twelve (24) Customer Appreciation Days to be held over the course of 12 weeks. The Settlement also imposes certain other requirements and limitations, which are set forth in detail in the Settlement Agreement. The Court has appointed Thomas A. Zimmerman, Jr. as class counsel to represent the Plaintiff and the interests of the absent class members. The Court will hold a hearing in this case at _____, to consider whether to approve the settlement, a request by class counsel for attorneys' fees and costs in the amount of $270,000, and a $5,000 incentive award to the Class Representative.

Class members and any other members of the public need only make a purchase (or multiple purchases) from any of the listed Ed Hardy or Christian Audigier stores or websites during any or all of the Customer Appreciation Days which will be advertised in the stores and websites themselves and you will automatically receive a 25% discount off your purchase price. A list of Ed Hardy and Christian Audigier store locations and websites is at the end of this notice.

If you elect to be excluded from the class, you will not be bound by the terms and releases of the settlement or judgment of dismissal and orders in the above-captioned action. Any class member who does not request to be excluded will automatically be included in this action as a member of the class represented by the Plaintiff, will be subject to and deemed to consent to the jurisdiction of the Court and its orders, and will be deemed to have released and thereafter be forever barred from asserting against the released parties any claims covered by the Settlement Agreement.

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must be signed by the class member opting-out and must contain the following information: (1) the name of the class member, (2) the current address of the class member, (3) the date signed, and (4) a copy of the customer's receipt(s). The letter must be postmarked on or before **(45 days after publication notice),** and must be addressed to the following: Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602.

Only class members may object to the settlement, and persons who opt-out of the class may not object to the Settlement Agreement. Any class member who wishes to be heard orally at the Fairness Hearing, or who wishes for any objection to be considered, must file a written notice of objection by **(45 days after publication notice),** and include the following information with the objection: (1) a statement of the desire to be heard at the Fairness Hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the Fairness Hearing, including a copy of the receipt giving rise to your claims.

On or before **(45 days after publication notice),** the objector must file the above documents with the Clerk of the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and serve notice of the objection to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602, as well as defense counsel, at the following address: James W. Davidson, O'HAGAN SPENCER LLC, 1 E. Wacker Dr., Suite 3400, Chicago, IL 60601.

This is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the Settlement, and related matters. For more detailed information, you may review a copy of the full Settlement Agreement, the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court.

If you wish to communicate with Class Counsel, you may do so by writing to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602; alternatively, you may call the offices of the firm at (312) 440-0020.

This notice is not to be construed as an expression of any opinion by the District Court with respect to the merits of the respective claims or defenses of the parties.

*/s/ The Honorable Nan R. Nolan*
United States Magistrate Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

**Arizona**

Scottsdale Fashion Square
7014-590 East Camelback
Road. Space 1453
Scottsdale, AZ 85251

**California**
7829 Melrose Avenue.
Los Angeles, Ca 90046

8335 Melrose Avenue.
Los Angeles, Ca 90046

8500 Beverly Blvd. #675
Los Angeles, CA 90048

**Florida**

The Mall of Millenia
4200 Conroy Road. Space
M233
Orlando, FL 32839

Prime Outlets
4959 International Dr.
Suite 1F18
Orlando FL 32819

International Plaza
2223 N. West Shore Blvd
Space 227
Tampa, FL 33607

**Maryland**
Towson Town Center
825 Dulaney Valley Road.
Space 2110
Towson, MD 21204

**Massachusetts**
328 Newbury Street
Boston, MA 02115
Phone: (617) 236-1633

1 Premium Outlet Blvd
#690
Wrentham, MA 02093

**Minnesota**
Mall of America

49 Mercer Street
New York, NY 10012

425 West 13th Street
New York, NY 10014

286 Lafayette
New York, NY 10012

**Texas**
NorthPark Center
8687 N. Central
Expressway #2248
Dallas, TX 75225

Galleria Mall
5085 Westheimer Rd. Suite

8680 Hayden Place
Culver City, CA 90232

100 Citadel Dr #537
Commerce, CA 90040

2855 Stevens Creek Blvd
Space 1051
Santa Clara, CA 95050

Americana at Brand
728 Americana Way
Glendale, CA 91210

690 E. Ventura Blvd.
#130
Camarillo, CA 93010

395 Santa Monica Place
#122
Santa Monica, CA 90401

60 Grant Avenue
San Francisco, CA 94108

Las Americas Premium
Outlet
4211 Camino De La Plaza
Suite 200
San Diego, CA 92173

Desert Hills Premium
Outlet
48400 Seminole Drive
#430
Cabazon, CA 92230

12801 W Sunrise Blvd
#1045
Sunrise, FL 33323

442 Lincoln Road
Miami Beach, FL 33139

**Georgia**
Lenox Square
3393 Peachtree Rd. Suite
2032
Atlanta, GA 30326

800 HIGHWAY 400
SOUTH Ste 380
Dawsonville, GA 30534

**Nevada**
Premium Outlets
755 Grand Central Way
Pwy. #1471
Las Vegas, NV 89106

Fashion Show Mall
3200 Las Vegas Blvd.
#1155
Las Vegas, NV 89109

The Forum Shops at
Caesars
3500 Las Vegas Blvd.
South
Las Vegas, NV 89109

60 East Broadway. Space
S108
Bloomington, MN 55425

**New Jersey**

Westfield Garden State
Plaza
1 Garden State Plaza.
Space 2134
Paramus, NJ 07652

Jersey Shore Premium
Outlet
One Premium Outlets
Blvd. Space 773
Tinton Falls, NJ 07753

**New York**
Roosevelt Field
630 Old Country Road.
Suite 2097
Garden City, NY 11530

328 Red Apple Court
Central Valley, NY 10917

Tanger Factory Outlets
1770 West Main Street.
Space #914
Riverhead, NY 11901

**NOTE:** Store locations may
close or change at any time.

B3587
Houston, TX 77056

Prime Outlets
3939 I-35 South Space 230
San Marcos, TX 78666

29300 Hempstead Rd
#1107
Cypress, TX 77429

5001 E Expy 83 #943
Mercedes, TX 78570

**Virginia**
Tysons Center
1961 Chain Bridge Road.
Space K1AL
McLean, VA 22102
Phone: (703) 442-4803

**WEBSITES**
http://edhardyshop.com/
http://christianaudigier.com/
http://shopcrystalrock.com/
http://pacochicano.com/
http://thesameguy.net

**NOTE:** The website for Ed
Hardy is in the process of
being separated from the
remaining website. The
remaining websites will be
consolidated. However, if the
consolidation occurs soon, a
consumer will be redirected by
using the current addresses.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Victoria Radaviciute, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-8090 |
| | ) | |
| Christian Audigier, Inc., Audigier | ) | Hon. Nan R. Nolan |
| Media, Inc., Audigier Brand | ) | |
| Management Group, LLC and | ) | |
| Nervous Tattoo, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF
## CERTIFIED CLASS ACTION SETTLEMENT

**To:** All persons who received an electronically printed receipt from any Ed Hardy or Christian Audigier store in the United States at the point of sale or transaction or via any internet purchase from an Ed Hardy or Christian Audigier website occurring after June 3, 2008, which receipt displays the person's credit card or debit card expiration date -- **YOU ARE ELIGIBLE TO RECEIVE A 25% DISCOUNT OFF YOUR TOTAL PRE-TAX PURCHASE PRICE FROM ANY ED HARDY OR CHRISTIAN AUDIGIER STORE AND/OR THROUGH THE ED HARDY AND CHRISTIAN AUDIGIER WEBSITES ON "CUSTOMER APPRECIATION DAYS," WHICH WILL BE HELD ON 24 (TWENTY-FOUR) SEPARATE DATES OVER THE COURSE OF 12 (TWELVE) WEEKS, WITH TWO "CUSTOMER APPRECIATION DAYS" TAKING PLACE EACH WEEK OVER THE 12 (TWELVE) WEEK PERIOD. THIS DISCOUNT CANNOT BE APPLIED TO ANY ITEM ALREADY ON SALE AND THE MAXIMUM DISCOUNT PER TRANSACTION AND PER DAY IS $100 (ONE HUNDRED DOLLARS). ALL PERSONS, REGARDLESS OF WHETHER OR NOT THEY ARE MEMBERS OF THE CLASS, SHALL BE ENTITLED TO RECEIVE THE AUTOMATIC DISCOUNT ON THESE CUSTOMER APPRECIATE DAYS.**

**YOU HAVE NOT BEEN SUED. THIS NOTICE IS INTENDED TO INFORM YOU ABOUT LITIGATION THAT MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

On behalf of the named plaintiff and all members of the class, the United States District Court for the Northern District of Illinois (the "Court") has preliminarily approved a settlement. This notice is not to be construed as an expression of any opinion by the Court with respect to the merits of the respective claims or defenses of the parties. Rather, this notice is sent merely to inform you of legal rights you may have with respect to the settlement.



EXHIBIT
C

## I.   BACKGROUND OF THE LITIGATION.

Victoria Radaviciute ("Plaintiff"), on behalf of all members of the class, has alleged that Christian Audigier, Inc., Audigier Media, Inc., Audigier Brand Management Group LLC and Nervous Tattoo, Inc. ("Defendants") violated certain requirements imposed by the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Plaintiff claims that Defendants printed the expiration dates of its customers' credit or debit cards on customer receipts presented to them at Ed Hardy and Christian Audigier store locations in violation of FACTA, as specifically set forth in the Complaint on file and available at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. NEITHER PLAINTIFF NOR ANY CLASS MEMBER HAS SUSTAINED ANY ACTUAL MONETARY INJURY AS A RESULT OF THE ISSUES IN DISPUTE IN THIS LITIGATION. HOWEVER, THE SETTLING PARTIES AGREE THAT FACTA PROHIBITS THE DISPLAY OF CREDIT OR DEBIT CARD EXPIRATION DATES ON CREDIT AND DEBIT CARD RECEIPTS PRESENTED TO CUSTOMERS AT THE POINT OF SALE.

## II.   CURRENT STATUS.

On _____, the Court preliminarily approved the settlement for the class as fair, adequate, and reasonable. If finally approved, the settlement will certify a class that will bind the named plaintiffs and all absent class members who do not exclude themselves from the class.

Under the terms of the settlement, class members and any other members of the public making a purchase transaction at or from the listed Ed Hardy and Christian Audigier store locations or websites shall receive and automatic discount of twenty-five percent (25%) off the total pre-tax purchase price subject to the above-limitations, at or from Ed Hardy and Christian Audigier store locations and websites during any or all of the twenty-four (24) Customer Appreciation Days to be held over the course of 12 (twelve) weeks. The Ed Hardy and Christian Audigier store locations and websites are listed at the end of this notice.

The amount paid in this settlement reflects an evaluation of the claims and potential recovery, considering the facts as known to counsel after discovery and careful investigation, the likelihood of prevailing at trial, and the likelihood that this litigation, if not settled now, would be further protracted and involve complex issues of fact and law. The amount is also based upon an evaluation of the potential recovery available under FACTA.

Class counsel believes that the settlement is fair and reasonable and that the class members should accept this settlement. In light of the risks and expenses of litigation and Defendants' potential defenses, class counsel believes it is in the best interests of the class that the case be settled and that the settlement terms are fair and reasonable.

## III.   EFFECT OF SETTLEMENT ON CLASS MEMBERS.

If you elect to be excluded from the class, you will not be bound by the terms and releases of the settlement or judgment of dismissal and orders in the above-captioned action. Any class member who does not request to be excluded will automatically be included in this action as a member of

the class represented by the named plaintiff, will be subject to and deemed to consent to the jurisdiction of the Court and its orders, and will be deemed to have released and thereafter be forever barred from asserting any claims against the released parties with respect to any credit or debit account information that was printed on a receipt presented to such class member at the point of sale after June 3, 2008. A complete description of the released claims is available in the Court file maintained at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604.

## IV.  EXCLUSION FROM THE CLASS.

If you do not wish to participate in this settlement, you must notify Class Counsel in writing of your intention to be excluded. Your election to opt-out must be signed by the class member opting-out and must contain the following information: (1) the name of the class member, (2) the current address of the class member, (3) the date signed, and (4) a copy of the customer's receipt. No class member may opt-out through an actual or purported agent or attorney acting on behalf of the class member unless a fully lawful power of attorney, letters testamentary or other comparable documentation or court order accompanies the request. Further, the letter must be postmarked on or before **(45 days after publication notice)**, and must be addressed to the following: Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602. Failure to opt-out by the deadline, or to follow the above procedures, will result in a class member being bound by any judgments and orders in this case.

## V.  OBJECTIONS TO THE SETTLEMENT AND RIGHT TO INTERVENE.

Only class members may object to the settlement, and persons who opt-out of the class may not object to the settlement agreement. If you wish, you may enter an appearance in the action personally or through your own attorney at your own expense. You may also seek to intervene if at any time you believe your interests are not being fairly and adequately represented by the class representative and class counsel.

Any class member who wishes to be heard   orally at the Fairness Hearing, or who wishes for any objection to be considered, must file a written notice of objection by **(45 days after publication notice)**, and include the following information with the objection: (1) a statement of the desire to be heard at the Fairness Hearing and/or a statement of each objection asserted, (2) a detailed description of the facts underlying each objection (if any); and (3) a copy of any documents which the objector may offer during the Fairness Hearing, including a copy of the receipt giving rise to your claims.

On or before **(45 days after publication notice)**, the objector must file the above documents with the Clerk of the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and serve notice of the objection to plaintiffs' class counsel and defense counsel at the following addresses:

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.

77 West Washington Street
Suite 1220
Chicago, IL 60602

James W. Davidson
O'Hagan Spencer LLC
One East Wacker Drive
Suite 3400
Chicago, IL 60602

Objectors who fail to properly or timely file their objections with the Court, or to serve them as provided above, shall not be heard during the Fairness Hearing, nor shall their objections be considered by the Court.

## VI. FINAL FAIRNESS HEARING.

The District Court will hold a hearing to decide whether to approve the settlement. You may attend and you may be able to speak, but it is not required. The Fairness Hearing will be held at _____ a.m. on _____, **2011** at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Room No. 1812, Chicago, Illinois 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. Defendant has agreed to pay class counsel fees and costs in the amount of $270,000.00. The Court must approve this amount.

## QUESTIONS AND ANSWERS

## 1. WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

If you believe you are a member of the class and desire to participate in the settlement, you need only make a purchase or multiple purchases from any of the listed Ed Hardy or Christian Audigier store locations or websites on any or all of the 24 Customer Appreciation Days which will be advertised on the Ed Hardy and Christian Audigier websites and at the store locations.

## 2. WHO REPRESENTS THE CLASS?

    **(a)** **Class Representative**: The named plaintiff is the class representative and she alleges that she received a receipt from Defendants at the point of sale that displayed the expiration date of her credit card.

    **(b)** The class representative has assisted class counsel in coordinating the prosecution of this action and in providing information needed to pursue the claims of all class members. The class representative will be applying for an incentive award of $5,000.00, which the Defendants have agreed to pay separately, and not from amounts available for class members.

**(c)** **Class Counsel**: In its order granting preliminary approval of the settlement and certifying the class for settlement, the District Court appointed Thomas A. Zimmerman, Jr., as class counsel to represent the named plaintiff and to represent the interests of the absent class members.

## 3. WHERE DO I GET ADDITIONAL INFORMATION?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604. If you wish to communicate with class counsel identified above, you may do so by writing to Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C., 77 West Washington Street, Suite 1220, Chicago, IL 60602; alternatively, you may call the offices of the firm at (312) 440-0020.

*/s/ The Honorable Nan R. Nolan*
United States Magistrate Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES TO CLASS COUNSEL IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. **PLEASE DO NOT CONTACT THE COURT.**

**Arizona**
Scottsdale Fashion Square
7014-590 East Camelback
Road. Space 1453
Scottsdale, AZ 85251

**California**
7829 Melrose Avenue.
Los Angeles, Ca 90046

8335 Melrose Avenue.
Los Angeles, Ca 90046

8500 Beverly Blvd. #675
Los Angeles, CA 90048

**Florida**
The Mall of Millenia
4200 Conroy Road. Space
M233
Orlando, FL 32839

Prime Outlets
4959 International Dr.
Suite 1F18
Orlando FL 32819

International Plaza
2223 N. West Shore Blvd
Space 227
Tampa, FL 33607

**Maryland**
Towson Town Center
825 Dulaney Valley Road.
Space 2110
Towson, MD 21204

**Massachusetts**

328 Newbury Street
Boston, MA 02115
Phone: (617) 236-1633

1 Premium Outlet Blvd
#690
Wrentham, MA 02093

49 Mercer Street
New York, NY 10012

425 West 13th Street
New York, NY 10014

286 Lafayette
New York, NY 10012

**Texas**
NorthPark Center
8687 N. Central
Expressway #2248
Dallas, TX 75225

Galleria Mall

8680 Hayden Place
Culver City, CA 90232

100 Citadel Dr #537
Commerce, CA 90040

2855 Stevens Creek Blvd
Space 1051
Santa Clara, CA 95050

Americana at Brand
728 Americana Way
Glendale, CA 91210

690 E. Ventura Blvd.
#130
Camarillo, CA 93010

395 Santa Monica Place
#122
Santa Monica, CA 90401

60 Grant Avenue
San Francisco, CA 94108

Las Americas Premium
Outlet
4211 Camino De La Plaza
Suite 200
San Diego, CA 92173

Desert Hills Premium
Outlet
48400 Seminole Drive
#430
Cabazon, CA 92230

12801 W Sunrise Blvd
#1045
Sunrise, FL 33323

442 Lincoln Road
Miami Beach, FL
33139**Georgia**
Lenox Square3393
Peachtree Rd. Suite 2032
Atlanta, GA 30326

800 HIGHWAY 400
SOUTH Ste 380
Dawsonville, GA 30534

**Nevada**

Premium Outlets
755 Grand Central Way
Pwy. #1471
Las Vegas, NV 89106

Fashion Show Mall
3200 Las Vegas Blvd.
#1155
Las Vegas, NV 89109

The Forum Shops at
Caesars
3500 Las Vegas Blvd.
South
Las Vegas, NV 89109

**Minnesota**Mall of
America
60 East Broadway. Space
S108
Bloomington, MN 55425

**New Jersey**

Westfield Garden State
Plaza
1 Garden State Plaza.
Space 2134
Paramus, NJ 07652

Jersey Shore Premium
Outlet
One Premium Outlets
Blvd. Space 773
Tinton Falls, NJ 07753

**New York**
Roosevelt Field
630 Old Country Road.
Suite 2097
Garden City, NY 11530

328 Red Apple Court
Central Valley, NY 10917

Tanger Factory Outlets
1770 West Main Street.
Space #914
Riverhead, NY 11901

**NOTE:** Store locations may
close or change at any time

5085 Westheimer Rd.  Suite
B3587
Houston, TX 77056

Prime Outlets
3939 I-35 South Space 230
San Marcos, TX 78666

29300 Hempstead Rd
#1107
Cypress, TX 77429

5001 E Expy 83 #943
Mercedes, TX 78570

**Virginia**
Tysons Center
1961 Chain Bridge Road.
Space K1AL
McLean, VA 22102
Phone: (703) 442-4803

**WEBSITES**
http://edhardyshop.com/
http://christianaudigier.com/
http://shopcrystalrock.com/
http://pacochicano.com/
http://thesameguy.net

**NOTE:**  The website for Ed
Hardy is in the process of
being separated from the
remaining website.  The
remaining websites will be
consolidated.  However, if the
consolidation occurs soon, a
consumer will be redirected by
using the current addresses.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Victoria Radaviciute,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-C-8090 |
| | ) | |
| **Christian Audigier, Inc., Audigier** | ) | Hon. Nan R. Nolan |
| **Media, Inc., Audigier Brand** | ) | |
| **Management Group, LLC** and | ) | |
| **Nervous Tattoo, Inc.** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION
OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING**

The Court has considered the Class Action Settlement Agreement entered into by the parties and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

The Court finds as follows:

1.     All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2.     The Class Representative and Christian Audigier, Inc., Audigier Media, Inc., Audigier Brand Management Group, LLC and Nervous Tattoo, Inc., through their counsel of record in the Lawsuit, have reached an agreement to settle all claims in the Lawsuit;



3.     The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Lawsuit should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all Members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Lawsuit; (c) the claims of Class Representative Victoria Radaviciute are typical of the claims of the members of the proposed Class; (d)  Class Representative Victoria Radaviciute will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative, *i.e.,* Thomas A. Zimmerman Jr. of the Zimmerman Law Offices, P.C., is qualified to serve as counsel for the Class Representative in her own capacity as well as her representative capacity and for the Class; and (g) common issues will likely predominate over individual issues;

4.     The moving parties also have presented to the Court for review a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5.     The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action settlement; the option to be represented by counsel of their choosing and to object to the

proposed settlement. The notice will be published consistent with the Settlement Agreement. The notice proposed by the Settling Parties (i) constitutes the best notice practicable under the circumstances to all persons within the definition of the Class, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and their right to object or to exclude themselves from the settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, (iv) complies fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), all substantive and procedural due process rights guaranteed by the Illinois Constitution and the United States Constitution, and any other applicable law, and (v) is the only Notice required of the Settlement.

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is preliminarily approved.

2.      The Court certifies the following Class solely for the purpose of effectuating the Settlement:

> All persons who received an electronically printed receipt from any Ed Hardy or Christian Audigier store in the United States at the point of sale or transaction or via any Internet purchase from an Ed Hardy or Christian Audigier website occurring after June 3, 2008, which receipt displays the person's credit card or debit card expiration date.[1]

The Court expressly reserves the right to determine, should the occasion arise, whether the above-captioned Lawsuit may continue to be certified as a class action for purposes other than settlement, and Defendants retain all rights to assert that the Lawsuit may not be certified as a class action except for settlement purposes.

---

[1] The list of all Ed Hardy and Christian Audigier store locations is listed on Exhibit A to the Settlement Agreement, as are the relevant website addresses.

3.     The Court preliminarily approves the settlement of the Lawsuit set forth in the Settlement Agreement as being fair, just, reasonable and adequate as to each of the Settling Parties and Class Members, and sufficient to warrant dissemination of Notice to the Class. This determination permitting Notice to the Class is not a final finding, but is a determination that there is probable cause to submit the proposed settlement to the Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

4.     The Court approves, as to form and content, for distribution to Class Members, the Published Notice in the form of Exhibit B to the Settlement Agreement.

5.     The Court approves, as to form and content, for distribution to Class Members, the Long Form Notice in the form of Exhibit C to the Settlement Agreement. The Court directs the Long Form Notice be posted on Class Counsel's website (www.attorneyzim.com) and mailed by Class Counsel to all persons who request a copy from them.

6.     A hearing shall be held before this Court at _____ a.m. on _____ in Courtroom No. ___, Dirksen Federal Building, 219 South Dearborn Street, Chicago, IL 60604, to consider whether the settlement should be given final approval by the Court:

>     (a)     Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

>     (b)     At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement; and

>     (c)     Class Counsel and counsel for Defendants should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

7.     The Court finds that Plaintiff Victoria Radaviciute is an adequate and appropriate Class Representative.

8.     The Court finds that Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. will fairly and adequately represent the interests of the Class and is appointed as Class Counsel.

9.     In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

10.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to the Settlement Class.


DATED:                          By: _____
                                    MAGISTRATE JUDGE NAN. R. NOLAN